IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RITA STRINGER | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No.: |
| vs. | ) |
| | ) |
| BLAKELY SHEET METAL, LLC; & | ) |
| JOSEPH D. YAEKEL | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff Rita Stringer (hereinafter referred to as "Plaintiff") by and through her attorneys' of record and pursuant to the Federal Rules of Civil Procedure and as and for her cause of action against Defendant, Blakely Sheet Metal, LLC (hereinafter referred to as "Defendant") and Defendant Joseph D. Yaekel (hereinafter referred to as "Yaekel" or 'Co-Defendant") and states to this Honorable Court as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is now and at all times alleged herein domiciled citizen of the State of Illinois.

2. Defendant is a foreign limited liability company which is organized in the State of Missouri.

3. Defendant's principal place of business is located at 2208 N. Truman Blvd.; Crystal City, Missouri 63019.

4. Defendant maybe served by and through their registered agent Shelley Lee Blakely at 12404 Fieldstone Drive; Festus, Missouri 63028.

5. Pursuant to 28 U.S.C. § 1332 Defendant is a citizen of the State of Missouri.

6. Yaekel at all time alleged herein is an individual domiciled and a citizen of the State of Missouri.

7. Yaekel may be served at his residence located at 1892 Catlin Drive; Barnhart, Missouri 63012.

8. This Court has jurisdiction pursuant 28 U.S.C. 1332(diversity of citizenship jurisdiction) since Plaintiff is a citizen of the State of Illinois and Defendant, is a Missouri limited liability company with its principal place of business in the State of Missouri and Yaekel is a citizen of the State of Missouri (thus total diversity citizenship exist) and the amount in controversy exceeds $75,000.00, exclusive of interest and cost.

9. Venue is proper with this Court since the incident alleged herein occurred in the City of Collinsville, County of Madison, State of Illinois.

10. Defendant is now and was at the time of the crash alleged herein doing business as Blakely Sheet Metal.

11. Defendant currently and at the time of the crash alleged below is and was in the business of transporting various loads and services in interstate commerce.

12. On or about December 17, 2014, and at all times alleged herein, Yaekel was operating a 2006 Ford F250 (VIN#1FTNF20536EC16724) in his course and scope of employment with Defendant.

13. At the time of the motor vehicle crash alleged herein, the 2006 Ford F250 at issue were being operated by Defendant, through its agents, servants, and/or employees Yaekel.

14. At the time of this crash and at all times herein mentioned, Yaekel, was Defendant's agent, servant, and employee and as such Defendant, is vicariously liable for his conduct in regard to this crash.

15. As a limited liability company Defendant acts through its officers, agents, servants, and/or employees. As such, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of the Defendant.

16. At all times herein mentioned, Defendant owned, operated, maintained, managed, and controlled the 2006 Ford F250 (VIN#1FTNF20536EC16724) by and through Yaekel.

17. On or about December 17, 2014, at approximately 1:23 p.m. Plaintiff, was operating a 2005 Town & Country Van (hereinafter referred to as "motor vehicle") on behalf of her employer.

18. At the above stated date, Plaintiff, was traveling on northbound Bluff/IL-157 when she came to the intersection of Ramada Blvd. and proceeded into the left turn lane.

19. On or about December17, 2014, at approximately 1:23 p.m. Plaintiff had stopped her motor vehicle in the left hand turn lane of Bluff/IL-157 behind a 2012 Mini Cooper owned and operated by Jacob Maxfield.

20. At the above stated date and time, both Plaintiff and Jacob Maxfield were stopped in left hand turn lane of Bluff/IL-157.

21. That both Bluff/IL-157 and Ramada Blvd. described above are open and thoroughfares in the State of Illinois.

22. On or about December 17, 2014, at approximately 1:23 p.m. the 2006 Ford F250 Yaekel was driving crashed into the rear of Plaintiff's motor vehicle.

23. As a result of being struck by the 2006 Ford F250 as alleged herein Plaintiff's motor vehicle was pushed into and struck the 2012 Mini Cooper being operated by Jacob Maxfield stopped directly infront of her motor vehicle in the left hand turn lane of said roadway.

24. Plaintiff suffered and continues to suffer permanent and disabling injuries as a direct and proximate result of this incident and as a direct and proximate result of Defendants negligence and actions stated herein.

25. The negligence and actions of Defendant and its agents, servants, employees, and Yaekel as described herein, directly and proximately, caused or contributed to cause injuries to Plaintiff which includes severe injuries to her head, her neck, her back, her spine, and left shoulder as well as the muscles and fibers attached thereto.

26. All of Plaintiff's injuries are painful, permanent and disabling.

27. As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendant and its agents, servants, employees, and Yaekel, Plaintiff has suffered loss wages as result of her injuries and physical limitations.

28. As a direct and proximate result of this crash and the direct and proximate result of the negligence and actions of Defendant and its agents, servants, employees, and Yaekel Plaintiff was caused and/or will be caused to undergo necessary medical care and treatment in excess of TWENTY THOUSAND DOLLARS ($20,000.00) to date and will be further obligated to undergo such care and treatment in the future in an amount that is not currently fully known, but is reasonably expected to be substantial including but not limited to a surgical procedure to her spine.

4

29.     As a direct and proximate result of this incident and as a direct and proximate result of the negligence and actions of Defendant and its agents, servants, employees, and Yaekel, Plaintiff has sustained a combined, current and future wage loss the amount of which is not currently known.

**COUNT I
AGAINST
DEFENDANT BLAKELY SHEET METAL, LLC**

COME NOW Plaintiff and for Count I of her Complaint against Defendant Blakely Sheet Metal, LLC (hereinafter "Defendant") and repeat, incorporate, and re-allege each and every paragraph and sub-paragraph set forth above in the Facts Common to All Counts paragraphs 1-29 as if they were set forth herein at length and further states:

30.     At the time of this crash, and at all times herein mentioned, Yaekel was acting in the course and scope of his employment with Defendant, as a agent, servant, and employee, and/or at the direction and control of Defendant. Thus, Defendant is vicariously liable for the actions of Yaekel alleged herein.

31.     That at the time of this crash alleged above, Yaekel was an agent, servant and employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Defendant, and all of the acts of negligence on the part of Yaekel were committed within the course and scope of his agency and employment of, with and/or for the Defendant.

32. At the time of the motor vehicle crash alleged herein, Defendant, through its agents, servants, and employees including but not limited to Yaekel, negligently operated the said motor vehicle that caused this incident on the above stated date and time by:

a) Failing to ensure that they had adequate line-of-sight of other vehicles;

b) Failing to keep a proper lookout for warnings, other vehicles;

c) Failing to take proper remedial action which could have avoided this collision or minimized the impact;

d) Driving at an, unsafe, excessive and dangerous rate of speed;

e) Operating said motor vehicle without adequate training and experience;

f) Failing to have said motor vehicle under proper control;

g) Driving while tired and/or fatigued;

h) Failed to be attentive as said driver was using a cellular phone device; and

i) Failed to stop or slow said motor vehicle before striking the rear of Plaintiff's motor vehicle stopped legally in the roadway.

33. Each negligent act or omission by Defendants each of them, as described in the above paragraphs and the below paragraphs, acting separately or in combination, was a direct and proximate cause of the crash in question and the resulting injuries to Plaintiff as alleged herein.

34. As a direct and proximate result of the negligence and actions of both Defendants, either solely, individually, or jointly, severally and in combination with the negligence of each other, as set forth and alleged herein and hereinafter, Plaintiffs were seriously injured and damaged as described herein and have sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

WHEREFORE Plaintiff prays for judgment against the Defendants jointly and severally in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest, as is fair and reasonable to compensate her for injuries and damages together with her costs and for such other relief this Court deems just and proper under the circumstances.

## COUNT II
## AGAINST
## DEFENDANT JOSEPH D. YAEKEL

COME NOW Plaintiff and for Count II of her Complaint against Defendant Joseph D. Yaekel (hereinafter "Yaekel" or "Co-Defendant") and repeat, incorporate, and re-allege each and every paragraph and sub-paragraph set forth above in the Facts Common to All Counts paragraphs 1-29 above as if they were set forth herein at length and further states:

35. At the time of this crash, and at all times herein mentioned, Yaekel was acting in the course and scope of his employment with Defendant, as driver, agent, servant, and employee of the Defendant.

36. That at the time of this crash alleged above, Yaekel was an agent, servant and employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Defendant, and all of the acts of negligence on the part of Yaekel were committed within the course and scope of his agency and employment of, with and for the Defendant.

37. At the time of the motor vehicle crash alleged herein Yaekel negligently operated said motor vehicle that caused this incident on the above stated date and time by:

a) Failing to ensure that they had adequate line-of-sight of other motor vehicles;

b) Failing to keep a proper lookout for warnings, other motor vehicles;

c) Failing to take proper remedial action which could have avoided this collision or minimized the impact;

d) Driving at an, unsafe, excessive and dangerous rate of speed;

e) Operating said motor vehicle without adequate training and experience;

f) Failing to have said motor vehicle under proper control;

g) Driving while tired and/or fatigued;

h) Failed to be attentive as said driver was using a cellular phone device; and

i) Failed to stop or slow said motor vehicle before striking the rear of Plaintiff's motor vehicle stopped legally in the roadway.

38. At the time of this crash, while in the course and scope of his employment with Defendant, Yaekel, failed to be diligent at all times and failed to drive at such speed and control that would have allowed him to keep the motor vehicle he was operating from crashing into Plaintiffs' motor vehicle, causing Plaintiffs' injuries and damages as described herein.

39. Each negligent act or omission by Defendants each of them, as described in the above paragraphs and the below paragraphs, acting separately or in combination, was a direct and proximate cause of the crash in question and the resulting injuries and damages to Plaintiff as alleged herein.

40. As a direct and proximate result of the negligence and actions of both Defendants, Plaintiff was seriously injured and damaged as described herein and have sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

41. Defendants knew or had information from which they, in the exercise of ordinary care, should have known that such conduct as described herein created a high degree of probability of injury and damage to Plaintiff.

WHEREFORE Plaintiff prays for judgment against the Defendants jointly and severally in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest, as is fair and reasonable to compensate them for her injuries and damages together with her costs and for such other relief this Court deems just and proper under the circumstances.

## COUNT III
## NEGLIGENT HIRING, TRAINING, SUPERVISING & RETAINING AGAINST DEFENDANT BLAKELY SHEET METAL, LLC

COME NOW Plaintiff and for Count III of her Complaint against Defendant Blakely Sheet Metal, LLC (hereinafter "Defendant") and repeat, incorporate, and re-allege each and every paragraph and sub-paragraph set forth above in paragraphs 1-41 above as if they were set forth herein at length and further states:

42. Defendant, owed the general public, including Plaintiff, a duty to properly, diligently and adequately screen potential drivers in order to determine the qualifications of its agents, servants, and employees, and such duties include, but are not limited to:

    a. Adequately evaluating applicants before hiring them as drivers and agents, servants, and employees;

    b. Adequately training and supervising said agents, servants, and employees; and

    c. Adequately evaluating the employees' job performance so as to discharge any incompetent or negligent employee before he injured the public or property.

43. Defendant owed the general public, including Plaintiff a duty to see, confirm and require that Defendant's including but not limited to the Co-Defendant's employment application was truthfully, accurately and fully completed.

44. Pursuant to the Federal Motor Carrier Safety Regulations, Defendant, owed the general public, including the Plaintiff a duty to determine the qualifications of its agents, servants, and employees, including, but not limited to:

   a. Adequately evaluating the Co-Defendant's performance, including thorough training and supervision, and to discharge of the Co-Defendant or any incompetent or negligent applicant, agent, servant, and/or employee before he injured the public or property.

45. Pursuant to the Federal Motor Carrier Safety Regulations, Defendant had the following statutory duties:

   a. To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. 391.21;

   b. To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. § 391.23(a)(2), 391.23(c);

   c. To inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. 49 C.F.R. § 391.23(a); and

   d. To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. § 391.31(a).

46. Defendant had a duty to comply with all of the above and below listed Federal Motor Carrier Safety Regulations, Codes, and/or Statutes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles.

47. Defendant breached its duty to the general public, including the Plaintiff, by their negligent and careless hiring, training, supervising, and retaining of the Co-Defendant as their agent, servant and employee, who was unqualified, incompetent, and/or negligent and careless at the time of this crash and during the time leading up to this crash. This includes but is not limited to, allowing the Co-Defendant, to operate the motor vehicle involved in this crash when Defendant knew or should have known of the Co-Defendant's prior traffic citations and inexperience in operating such motor vehicles.

48. Defendant failed to properly instruct and train their agents, servants, and employees (including the Co-Defendant) how to properly and safely operate the motor vehicle the Co-Defendant was driving at the time of the crash alleged herein.

49. Defendant failed to provide safety courses to their agents, servants, and employees (including the Co-Defendant) on how to safely operate motor vehicles.

50. Defendant failed to provide continuing safety courses to their agents, servants, and employees (including the Co-Defendant) on motor safety issues.

51. The actions and omissions of Defendant relating to this crash were willful, wanton, reckless and intentional, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

52. Defendants' willful, wanton, reckless and intentional behavior, and for Defendants' complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendants and to deter others from similar conduct.

11

53. Plaintiff's injuries were directly and proximately caused by the negligence of Defendants and Defendants' breach of and failure to comply with Defendants' duties, including Defendants' duties to comply with the above referenced Safety Regulations, Codes, and/or Statutes.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) jointly and severally against the Defendants exclusive of costs and interest, as is fair and reasonable to compensate her for injuries and damages sustained, plus aggravated (punitive) damages together with her costs and for such other relief this Court deems just and proper under the circumstances.

**Respectfully Submitted,**

**THE CAGLE LAW FIRM**

*By: /s/ Zane T. Cagle*
**Zane T. Cagle, IL #6381680; Fed. #499604**
500 North Broadway, Suite 1605
Saint Louis, Missouri 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: zane@caglellc.com
*Attorneys for Plaintiff*